[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Ricky Lee Taylor, was convicted upon a plea of no contest for possession of cocaine. On December 7, 1999, Taylor was sentenced to seven months' confinement. On appeal, Taylor claims that the police violated his Fourth Amendment rights when they entered the curtilage of his apartment complex without a warrant and coerced him into giving consent to search his person. We disagree.
In response to a complaint regarding drug sales, three police officers, dressed in plainclothes, entered a common courtyard of an apartment complex. The police encountered Taylor and another individual standing in the courtyard and drinking beer. The officers walked up to both men and explained why they were there. Taylor was cooperative and, when asked, told the police that he did not have anything illegal on his person. The police asked Taylor if he minded being searched, to which Taylor replied, "No."
When Officer Ibold found what appeared to be a crack pipe in Taylor's back pocket, he was placed under arrest. A search incident to that arrest revealed the crack cocaine that precipitated Taylor's conviction and this appeal.
In Taylor's first assignment of error, he claims that the crack cocaine should have been suppressed because the police entered the curtilage of his apartment without a warrant. While it is true that the police, absent exigent circumstances, may not enter the curtilage of a residence without a search warrant, see UnitedStates v. Dunn (1987), 480 U.S. 294, 107 S.Ct. 1134, the common areas of an apartment complex is not considered the curtilage of an individual resident, unless he has exclusive control of the common area. See United States v. Miguel (C.A.2, 1965),340 F.2d 812; State v. Slade (Jan. 19, 1995), Cuyahoga App. No. 65524, unreported. Since Taylor did not have exclusive control of the common area where the officers encountered him, Taylor was not within the curtilage of his apartment. Therefore, no warrant was required. We overrule Taylor's first assignment of error.
In Taylor's second assignment of error, he challenges the voluntariness of the consent he gave for the search of his person. Taylor and his witness testified that the police came at them with guns drawn, while Officer Ibold testified that the encounter with Taylor was voluntary and consensual, and that the police did not have their guns drawn.
The trial court weighs the evidence and the credibility of witnesses at suppression hearings. See State v. Smith (1997),80 Ohio St.3d 89, 684 N.E.2d 668; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; State v.Belmer (May 23, 1990), Hamilton App. No. C-890213, unreported. We may reverse on the weight of the evidence only if the trial court's factual determinations are clearly erroneous. See Ornelasv. United States (1996), 517 U.S. 690, 116 S.Ct. 1657; State v.Duncan (1998), 130 Ohio App.3d 77, 719 N.E.2d 608. In this case, we hold that there was substantial evidence to support the ruling by the trial court that Taylor's consent was voluntary. Therefore, we overrule Taylor's second assignment of error and affirm the judgment of the trial court.
Doan, P.J., Painter and Winkler, JJ.